**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **Flava Works, Inc.,** | ) | |
| | ) | **Case No.: 1:17-cv-01171** |
| **Plaintiff,** | ) | **Honorable Samuel Der-Yeghiayan** |
| | ) | |
| **v.** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **Marques Rondale Gunter d/b/a** | ) | |
| **myVidster.com, SalsaIndy, LLC, d/b/a** | ) | |
| **myVidster.com,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**<u>JOINT INITIAL STATUS REPORT</u>**

Plaintiff, Flava Works, Inc. ("Flava"), by and through its attorneys at The Tracy Law Firm (lead attorney Adam Tracy), and Defendants Marques Rondale Gunter d/b/a myVidster.com, SalsaIndy, LLC, d/b/a myVidster.com (collectively, "myVidster"), by and through their attorneys at Neal, Gerber, & Eisenberg LLP (lead attorney Greg Leighton), hereby submit this Joint Initial Status Report, and state as follows:

1. **Nature of Claims and Counterclaims**

Plaintiff, Flava, produces original adult films in a niche market and makes those films available to the adult public through its licensed distributors.  Defendants operate the site www.myVidster.com, which allows users to post links to videos found elsewhere on the web, bookmark those videos (hereinafter "Bookmark"), back-up those videos (hereinafter the "Backups") to private third-party cloud storage (hereinafter, the "Cloud"), and rebookmark those videos directly from their Cloud storage, and provides a link labeled "download," the function of which the parties currently disagree upon (hereinafter collectively referred to as the "Feature Set").  Flava alleges that since at least 2009, some myVidster users have bookmarked and shared links to Flava's videos without Flava's authorization.  In 2010, Flava filed suit in this district against myVidster.com, the defendants' server provider at the time, and 26 John Does (Case No. 1:10-cv-06517) (hereinafter, the "First Case Against myVidster").  In 2011, the Court dismissed Flava's claims for direct, induced and vicarious copyright infringement as well as all of Flava's trademark claims.  The Seventh Circuit subsequently vacated a preliminary injunction granted against myVidster on the basis of contributory copyright infringement.  That suit was eventually resolved by a 2015 settlement (the "Settlement Agreement"), and all remaining claims were dismissed with prejudice.  Plaintiff now alleges that the defendants have violated the settlement agreement and continue to infringe Flava's intellectual property rights in violation of federal and state law.

2

**2. Relief Sought by Plaintiff**

As alleged in the Complaint, Plaintiff intends to seek a preliminary injunction and permanent injunction against Defendants. Plaintiff also seeks a monetary award to compensate it for the damages allegedly caused by Defendants, including alleged lost profits and damage to its brand.

**3. Names of Parties Not Served**

All parties have been served by Flava. Note that Flava may seek to add additional parties after it conducts discovery regarding the identity of alleged repeat infringers that use myVidster.com and the location/providers of the Cloud backup service.

**4. Principal Legal Issues**

Subject to myVidster's arguments set forth in its concurrently filed motion to dismiss the complaint in its entirety for failure to state a claim upon which relief may be granted, the parties agree that the potential legal issues are:

    a. Whether the Feature Set directly infringes Flava's copyrights.

    b. Whether myVidster's technology materially contributed to the alleged direct infringements by myVidster's users.

    c. Whether myVidster has a direct financial interest in its users' alleged infringements.

    d. Whether myVidster has engaged in any advertising and public statements concerning the appropriate uses of its services that may constitute inducement copyright infringement.

    e. Whether myVidster qualifies for safe harbor protection under the Digital Millennium Copyright Act, 17 U.S.C. § 512.

     f.   Whether myVidster uses Flava's trademarks in commerce in violation of the Lanham Act, the common law of unfair competition and/or the Illinois Uniform Deceptive Trade Practices Act.

     g.   Whether the parties' conduct after entering into the Settlement Agreement, including myVidster's policies and practices with respect to repeat infringers, has fulfilled the terms of the agreement.

**5.    Principal Factual Issues**

     a.   The timing and basis of myVidster's decision to offer Backups.

     b.   Technical information about the functionality of the site and how particular videos move through myVidster's virtual platform.

     c.   When myVidster started offering each feature in the Feature Set, including when enhancements and other revisions were made to the Feature Set.

     d.   The identity, location, size and contents of the servers which host the Cloud backup.

     e.   The identity of certain myVidster users that are alleged repeat infringers.

     f.   myVidster's profits from advertising.

     g.   myVidster's profits from paid pro user accounts and how advertising visible on the site is impacted by the users' account status.

     h.   myVidster's policies and practices with respect to removing copyrighted content in response to DMCA takedown notices and addressing alleged repeat infringers.

     i.   The individuals responsible for myVidster's compliance with Flava's DMCA takedown notices.

     j.   The functionality of the API (Application Programming Interface) created by defendants after execution of the Settlement Agreement.

4

      k.    myVidster's efforts to preserve electronic information relevant to the complaint.

      l.    myVidster's practice of automatically indexing user-generated or pre-existing metadata tags containing Flava's trademarks without filtering (removing) those tags.

      m.    The timing and substance of myVidster's efforts to comply with the terms of the Settlement Agreement, and Flava's responses to and cooperation with those efforts.

      n.    Flava's direct quotation of a substantial amount of the confidential Settlement Agreement in its complaint.

**6.  List of Pending Motions and Brief Summary of Bases for Motions**

myVidster is concurrently filing a motion to dismiss challenging the sufficiency of the complaint.

**7.  Description of Discovery Requested and Exchanged**

No formal discovery has been requested or exchanged although the parties have been conferring regarding initial discovery issues.

**8.  Type of Discovery Needed**

Plaintiff intends to seek discovery in three phases. In the first phase, Plaintiff will seek discovery needed to respond to the Defendant's motion to dismiss (to the extent necessary). In the second phase, Plaintiff will seek limited expedited discovery needed to file its contemplated motion for preliminary injunction. In the third phase, Plaintiff will seek the balance of discovery with respect to its claims at trial.

**9.  Agreed Dates for: Rule 26(a)(1) Disclosures, Fact Discovery Completion, Expert Discovery Completion (Including Dates for the Delivery of Expert Reports), filing of Dispositive motions, Filing of a Final Pretrial Order**

The parties will meet and confer with respect to agreed dates for the case schedule after disposition of the motion to dismiss and any motion for a preliminary injunction.

### 10. Estimation of When the Case Will be Ready for Trial

Late winter / early spring 2019.

### 11. Probable Length of Trial

It is Plaintiff's view that this case will likely be resolved on motions for summary judgment, however, a full trial of the issues would likely take one (1) week.

### 12. Whether a Request has been made for a Jury Trial

Plaintiff requests a jury trial on all triable issues.

### 13. Whether There Have Been Settlement Discussions and If o the Outcome of Those Discussions

No settlement discussions have taken place.

### 14. Whether the Parties Consent to Proceed before a Magistrate Judge

The parties do not consent to proceed before a magistrate judge.

Dated: April 21, 2016

Respectfully Submitted:

**PLAINTIFF,** FLAVA WORKS, INC.,

By:__/s/Adam S. Tracy_____

Adam S. Tracy
Nathan Larsen (Atty No. 6290008)
The Tracy Firm, LTD.
2100 Manchester Rd. Suite 615
Wheaton, IL 60187
(888) 611-7716 Tel.
(630) 689-9471 Fax.


**DEFENDANTS,** MARQUES RONDALE GUNTER D/B/A MYVIDSTER.COM, SALSAINDY, LLC, D/B/A MYVIDSTER.COM,


By:_/s/Gregory J. Leighton_____


Gregory J. Leighton
Kevin C. May
Andrew S. Fraker
Neal, Gerber & Eisenberg LLP
2 North LaSalle Street, Suite 1700
Chicago, Illinois  60602
312.269.8000

7