**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Flava Works, Inc., ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | Case No. 1:17-cv-01171 |
| Marques Rondale Gunter ) | |
| d/b/a myVidster.com, SalsaIndy, LLC, d/b/a ) | |
| myVidster.com, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Plaintiff has already had its day in court with respect to the vast majority of the claims in its Complaint. Six years ago, this Court dismissed all but one of Plaintiff's claims against Defendants Marques Rondale Gunter d/b/a myVidster.com and SalsaIndy, LLC d/b/a myVidster.com (collectively, "SalsaIndy"). Nearly two years ago, the Court dismissed all of Plaintiff's remaining claims with prejudice. Nonetheless, Plaintiff now returns with virtually identical copyright and trademark claims, as well as an additional claim that SalsaIndy breached the settlement agreement resolving the parties' prior proceedings. Plaintiff apparently believes that its claims are once again viable due to the continued evolution of SalsaIndy's myVidster service. However, Plaintiff's Complaint is largely an attempt to re-litigate the same issues that this Court properly dismissed in 2011.

Moreover, although Plaintiff's Complaint is cluttered with irrelevant allegations, its substance consists of nothing more than generalities and unsupported legal conclusions. Accordingly, SalsaIndy moves to dismiss all counts of Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) because the Complaint fails to state a claim upon which relief can be granted with respect to each cause of action.

As a threshold matter, Plaintiff does not allege infringement of any specific copyrighted works. This alone renders Plaintiff's copyright claims insufficient as a matter of law. In addition, Plaintiff fails to allege particular facts critical to each of its claims. Plaintiff's direct copyright infringement claim fails because Plaintiff does not and cannot allege that SalsaIndy copied Plaintiff's protected works or otherwise engaged in volitional acts to bring about the alleged infringement. Plaintiff's claims for secondary copyright liability also fail because Plaintiff does not and cannot allege facts to indicate that SalsaIndy materially contributed to the allegedly infringing acts, had the specific intent that SalsaIndy's services be used to infringe, or had the right and ability to control the allegedly infringing content and received a direct financial benefit from that content. Plaintiff's trademark claims are deficient because Plaintiff fails to allege that SalsaIndy used Plaintiff's protected marks in commerce. Finally, Plaintiff's claim for breach of contract fails because the Complaint contains merely a single conclusory allegation of damages without any factual support whatsoever. In sum, Plaintiff's Complaint fails to put SalsaIndy on notice of a single claim upon which relief can be granted and should be dismissed.

I.  PROCEDURAL BACKGROUND

As noted in Plaintiff's Complaint, there is a long and significant history between the parties. Plaintiff first initiated legal proceedings in this Court against SalsaIndy in 2010, under legal theories virtually identical to those set forth in the instant Complaint. In 2011, the Court dismissed Plaintiff's claims for direct, vicarious, and induced copyright infringement, as well as all of Plaintiff's trademark claims, for failure to state a claim upon which relief could be granted. *See Flava Works, Inc. v. Gunter*, No. 10-C-6517, Dkt. No. 44, Order of May 10, 2011. The Seventh Circuit subsequently found Plaintiff's remaining claim in the prior proceedings, for contributory copyright infringement, to be lacking in merit and vacated a preliminary injunction against SalsaIndy in 2012. *See Flava Works, Inc. v. Gunter*, 689 F.3d 754 (7th Cir. 2012).

The parties entered a settlement agreement in 2015, and the Court dismissed all of Plaintiff's pending copyright claims with prejudice. *See Flava Works, Inc. v. Gunter*, No. 10-C-6517, Dkt. No. 307, Order of March 26, 2015, and Dkt. No. 324, Order of September 30, 2015. For more than a year, SalsaIndy made its best efforts to comply in good faith with the terms of the settlement agreement. However, Plaintiff perpetually claimed to be dissatisfied and repeatedly demanded that SalsaIndy take actions beyond both the scope of the settlement agreement and what was technically practical. In early 2017, Plaintiff ceased communication with SalsaIndy, making the co-operation necessary to fulfill the settlement agreement impossible. Instead, Plaintiff filed its Complaint, attempting to resuscitate the same claims that were previously dismissed or rejected, in addition to a claim for breach of the settlement agreement.

## II. LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain "more than labels and conclusions" and a mere "formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986). In addition, the Supreme Court has concluded that the courts are not required to simply accept as true "a legal conclusion couched as a factual allegation." *Id*., quoting *Papasan*, 478 U.S. at 286. Therefore, Plaintiff's factual allegations must sufficiently raise a right to relief beyond mere speculation and include more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009), citing *Bell Atl. Corp.*, 550 U.S. at 555. As such, to survive a motion to dismiss, the claim to a right to relief must be facially plausible, which "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

3

Plaintiff's Complaint should be dismissed because it merely offers formulaic recitations of the elements of a cause of action and "'naked assertion[s]' devoid of 'further factual enhancement,'" both of which the Supreme Court has deemed insufficient to survive a motion to dismiss. *Id.*, quoting *Bell Atl. Corp.*, 550 U.S. at 557.

### III. PLAINTIFF'S COPYRIGHT CLAIMS ARE DEFICIENT

#### A. *Plaintiff Fails to Allege Any Specific Works Infringed.*

As a threshold matter, the Court should dismiss all of Plaintiff's copyright claims because Plaintiff fails to allege the infringement of any specific works. "Plaintiff has the burden of identifying the specific works at issue in [the] pleading." *Lambertini v. Fain*, 2014 U.S. Dist. LEXIS 131390 at *7 (E.D.N.Y. Sept. 17, 2014). Courts routinely dismiss claims for copyright infringement that fail to allege that specific works owned by plaintiffs have been infringed by a defendant. Indeed, this Court dismissed Plaintiff's complaint in a previous copyright lawsuit for exactly that reason. *See Flava Works, Inc. v. Clavio*, 2012 U.S. Dist. LEXIS 88673 *6-7 (N.D. Ill. 2012) (dismissing Flava Works' claims of direct, contributory, vicarious, and induced copyright infringement because "Flava Works merely alleges labels and conclusions, and does not include operative facts, such as <u>identifying the actual work that is being infringed</u> and the means of its copying and/or distribution") (emphasis added).

Here, Plaintiff alleges that it "has applied for, filed and registered various copyrights for its works with the U.S. Copyright office" and attaches a list of its registered copyrights. *See* Compl. at ¶ 15 and Exh. B. However, Plaintiff fails to allege any facts showing infringement of any of those specific works. Instead, Plaintiff couches its allegations in generalized references to its "videos" or "copyrighted works." *See, e.g.*, Compl. at ¶¶ 119 and 149. This is inadequate. The court considered exactly this issue in *Lambertini v. Fain*, 2014 U.S. Dist LEXIS 131390. There,

4

the plaintiff alleged that she "has registered many of her works in her portfolio with the U.S. Copyright Office" and attached registration certificates as an Exhibit. *Id.* at \*6-7. The court dismissed the copyright claims because

> Significantly lacking from this allegation, however, is any indication as to which, if not all, of the registered works identified in the exhibit are the specific works at issue in this lawsuit. The fact that Plaintiff has copyright protection for several of her works does not necessarily indicate that the copyright registrations she has procured are for the specific works that are the subject of this suit.

*Id.* at \*7. *See also, e.g., Cole v. John Wiley & Sons*, 2012 U.S. Dist. LEXIS 108612, \*34-38 (S.D.N.Y. 2012) (dismissing copyright claims where plaintiff provided a chart listing 66 photographs, but failed to identify which photographs were the subject of his copyright infringement claims, and further alleged that the infringement was "not limited to the photographic works identified"); *Plunket v. Doyle*, 2001 U.S. Dist. LEXIS 2001 at \*13-14 (S.D.N.Y. Feb. 22, 2001) (dismissing copyright claims where plaintiff provided a multi-page schedule of certain works, with copyright registration numbers for nine of those works, but failed to specify which works were at issue).

Plaintiff's exhibit setting forth its copyright registrations, in the absence of any factual allegations showing infringement of those particular works, fails to put SalsaIndy on notice of the specific basis for Plaintiff's copyright claims. Accordingly, the Court should dismiss each of Plaintiff's copyright claims for this reason alone. However, even if Plaintiff had adequately alleged infringement of specific works, each of Plaintiff's copyright claims is deficient on its own merits.

    B.    *Plaintiff Fails to Sufficiently Plead Direct Copyright Infringement.*

A claim of direct copyright infringement requires that a plaintiff allege both ownership of a valid copyright and unauthorized copying of the constituent elements of plaintiff's work that

5

are original. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991). Furthermore, a plaintiff must allege volitional conduct on the part of the defendant where defendant's computer system is merely used to create a copy by a third party. *Religious Tech. Cir. v. Netcom On-Line Commc'n Servs., Inc.*, 907 F. Supp. 1361, 1370 (N.D. Cal. 1995). In particular, in the case of a defendant website or internet service provider that, like SalsaIndy's myVidster site, "automatically transmits users' material but is itself totally indifferent to the material's content," there must be volitional conduct by the defendant. *CoStar Group, Inc. v. LoopNet, Inc.*, 373 F.3d 544, 551 (4th Cir. 2004). Therefore, a party that passively and automatically acts through a technological process initiated by a third party is not liable for direct infringement. *ALS Scan, Inc. v. Remarq Communities, Inc.*, 239 F.3d 619, 622 (4th Cir. 2001).

Plaintiff does not and cannot sufficiently plead that SalsaIndy directly infringed Plaintiff's rights. First, as set forth above, the Complaint does not allege that SalsaIndy copied a particular protected work, which is required to state a prima facie case of direct copyright infringement. The Complaint merely attaches an exhibit listing Plaintiff's copyrighted works. *See* Compl. at ¶ 15 and Exh. B. Plaintiff does not allege any facts showing that SalsaIndy has copied any of those particular works.

Moreover, Plaintiff's own allegations are fatal to its claim for direct copyright infringement. Plaintiff alleges that

> [a myVidster user's] click on a thumbnail activates computer code that connects the visitor's computer to the server; the connection is made; the visitor is now watching the video. … **The video is being transmitted directly from the server on which the video is stored to the viewer's computer**. Someone had uploaded the video to that server, and later a subscriber to myVidster.com had come across it and decided to bookmark it. This led to the creation of a page on myVidster.com and by clicking on the page other **visitors to myVidster.com can now view the video on the server that hosts the video, not on myVidster.com's server**.

Compl. at ¶ 24 (emphasis added). Indeed, Plaintiff never alleges that SalsaIndy itself copies any of Plaintiff's works, even in Plaintiff's allegations focusing specifically on direct copyright infringement. Instead, Plaintiff merely alleges that

> Instances of copyright infringement occur whenever **one of myVidster's users**, without authorization of the copyright owner, uses myVidster's Cloud Backup or Download Feature to make a copy of a copyrighted content file and/or images. Instances of infringement occur when **one of myVidster's users** Rebookmark Flava videos from their Cloud Backup. … **Defendants participate in, facilitate, materially contribute to and encourage these infringements**.

*Id*. at ¶ 110 (emphasis added). As discussed below, these allegations relate to secondary liability theories and are irrelevant to direct infringement.

As a matter of law, "storage on a defendant's system of infringing copies and retransmission to other servers is not a direct infringement . . . of the exclusive right to reproduce the work where such copies are uploaded by an infringing user." *Netcom*, 907 F. Supp. at 1371. Therefore, because SalsaIndy serves as a mere passive conduit – as admitted by Plaintiff's own pleadings – it cannot be directly liable for any alleged infringement by users of the myVidster website as a matter of law. Any storage or copying that took place on the myVidster website was merely incidental, automatic and transitory, and Plaintiff does not and cannot allege otherwise. Consequently, Plaintiff cannot allege that SalsaIndy's conduct in any way constitutes direct copyright infringement. For these reasons, the Court should once again dismiss Plaintiff's direct copyright infringement claim, as it did in 2011.

    C.    *Plaintiff Fails to Sufficiently Plead Contributory Copyright Infringement.*

Plaintiff has also failed to allege facts to support a critical element of its contributory copyright infringement claim. To state a valid claim for contributory copyright infringement, a plaintiff must plead the following: (1) a third party directly infringed a copyrighted work; (2) the

defendant actually knew of or had reason to know of the direct infringement; and (3) the defendant materially contributed to the direct infringement. *A & M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1019 (9th Cir. 2001); *see also Monotype Imaging, Inc. v. Bitstream Inc.*, 376 F. Supp. 877, 883 (N.D. Ill. 2005), *aff'd* 334 F.3d 643 (7th Cir. 2003). Here, however, Plaintiff's allegations are couched only in generalities and fail to adduce sufficient facts to raise Plaintiff's claim beyond mere speculation.

Plaintiff's allegations fail to satisfy any of the three prongs of contributory infringement. First, as discussed above, Plaintiff fails to allege any specific acts of direct infringement against particular protected works. *See Flava Works, Inc. v. Clavio,* 2012 U.S. Dist. LEXIS 88673 at *9 (N.D. Ill. June 27, 2012) (dismissing Flava Works' claim for contributory infringement because it did not "at least provide some specifics as to a third-party infringer").

Second, Plaintiff does not offer any facts showing that that SalsaIndy knew or should have known of specific direct infringements of any particular works owned by Plaintiff. Instead, Plaintiff relies on the general and conclusory allegation that "[o]n information and belief, myVidster users have directly infringed Flava's copyrights by uploading Flava's videos to myVidster's website, downloading Flava's videos to their personal devices using myVidster's website, storing Flava's videos to myVidster's Cloud Backup and/or Rebookmarking Flava's videos." Compl. at ¶ 119.

Plaintiff further alleges that it "has had to send multiple DMCA Takedown Notices to have the same video removed." *Id.* at ¶ 121. Plaintiff's mere allegation that SalsaIndy received notice of allegedly infringing acts via Digital Millennium Copyright Act notices does not alone indicate that SalsaIndy had the requisite level of knowledge. The bare claim of infringement by a copyright holder in a DMCA notice is not enough to impute knowledge of an infringement for

8

purposes of assessing liability for contributory infringement. *CoStar Group, Inc. v. LoopNet, Inc.*, 164 F. Supp. 2d at 707 (following *Religious Tech. Cir. v. Netcom On-Line Commc'n Servs., Inc.*, 907 F. Supp. at 1374).

Third, Plaintiff does not allege sufficient facts showing that SalsaIndy materially contributed to the purported direct infringement. Plaintiff alleges, again generally and conclusorily, that "[m]yVidster has been notified of specific infringing uses of its technology and fails to act to prevent future such infringing uses." Compl. at ¶ 122. However, "a defendant's actions must exceed mere passivity." *Sarvis v. Polyvore, Inc.*, 2013 U.S. Dist. LEXIS 112539 at *23-24 (D. Mass. Aug. 9, 2013). To materially contribute to direct infringement, a defendant must have "substantial involvement" in infringing activity. *Demetriades v. Kaufmann*, 690 F. Supp. 289, 293 (S.D.N.Y. 1988). Plaintiff therefore has not sufficiently alleged material contribution by SalsaIndy. Because Plaintiff's allegations fall short with respect to each prong of the standard for contributory liability, the Court should dismiss Plaintiff's claim.

D.  *Plaintiff Fails to Sufficiently Plead Vicarious Copyright Infringement.*

Plaintiff likewise fails to allege the core elements in its claim for vicarious copyright infringement. A vicarious copyright infringement claim requires that a plaintiff allege that the defendant at all material times possessed the right and ability to supervise the infringing conduct and had a direct financial interest in the infringing activity. *QSRSoft, Inc. v. Restaurant Tech., Inc.*, 2006 WL 3196928 at *4 (N.D. Ill. Nov. 2, 2006) (citing *In re Aimster Copyright Litig.*, 334 F.3d 643, 654 (7th Cir. 2003)). Plaintiff has failed to sufficiently plead either of these elements.

First, Plaintiff has not sufficiently alleged that SalsaIndy had the right and ability to control the allegedly infringing activity. Plaintiff merely alleges in conclusory fashion that SalsaIndy "has the right and ability to supervise, terminate and/or otherwise restrict myVidster

9

users pursuant to the Terms of Service posted on its website, and its other policies." Compl. at ¶ 140. Plaintiff fails to offer any facts to support its conclusory allegation.

Second, Plaintiff also fails to plead facts showing that SalsaIndy has a direct financial interest in infringement of Plaintiff's works. "The essential test for direct financial interest is whether 'there is a causal relationship between the infringing activity and any financial benefit a defendant reaps....'" *Flava Works, Inc. v. Clavio*, 2012 U.S. Dist. LEXIS 88673 at *10 (quoting *Ellison v. Robertson*, 357 F.3d 1072, 1079 (9th Cir. 2004)). Plaintiff alleges only its conclusion that "[o]n information and belief, myVidster received direct financial benefits from the infringements by increasing its website traffic and generating revenue from storage fees … and increased advertising revenue." Compl. at ¶ 139. Plaintiff fails to allege any facts whatsoever to support the proposition that infringement of certain of Plaintiff's works, in particular, *causes* an increase in SalsaIndy's traffic or generates additional revenue. Accordingly, the Complaint provides inadequate notice of the basis for Plaintiff's claim for vicarious copyright infringement, which should be dismissed.

E. *Plaintiff Fails to Sufficiently Plead Induced Copyright Infringement.*

Plaintiff has not alleged and cannot allege facts that indicate SalsaIndy's actions rose to the level of inducement. An allegation of inducement requires evidence of "'active steps . . . taken to encourage direct infringement' . . . such as advertising an infringing use or instructing how to engage in an infringing use, show an affirmative intent that the product be used to infringe, and a showing that infringement was encouraged." *Metro-Goldwyn-Mayer Studios Inc. v. Grokster*, 545 U.S. 913, 936 (2005) (citing *Oak Industries, Inc. v. Zenith Electronics Corp.*, 697 F. Supp. 988, 992 (N.D. Ill. 1988)). Mere knowledge of the product's potential infringing uses or actual infringing uses is not sufficient to subject the distributor to liability. *Id.* at 937.

10

...

Rather, inducement of copyright infringement "premises liability on purposeful, culpable expression and conduct." *Id.*

Here again, Plaintiff merely states that "[o]n information and belief, by offering online storage space for those who desire to backup their bookmarked videos and encouraging users to share and Rebookmark those videos, myVidster intentionally induced users to infringe Flava Works' intellectual property." Compl. at ¶ 150. SalsaIndy's offering of third-party online storage space to all users is not an active step taken to encourage direct infringement. As purported factual support for this legal conclusion of inducement, Plaintiff offers nothing more than irrelevant and vague quotes from SalsaIndy's blog. *See* Compl. at ¶¶ 92, 152 and 155. Although Plaintiff disingenuously alleges that these quotes refer to "reasons to use myVidster's Cloud Backup service," Compl. at ¶ 92, these quotes – as Plaintiff is well aware – were posted in **2009** and actually refer to "Video Backup," a service that SalsaIndy has not offered for years. Moreover, the cited language cannot reasonably be construed to encourage infringement. Plaintiff has not alleged, and cannot allege, any facts whatsoever to show that SalsaIndy advertises infringing uses of its services, encourages infringing uses or instructs users in how to engage in infringing uses. Accordingly, the Court should also dismiss Plaintiff's claim for inducement of copyright infringement.

## IV. PLAINTIFF'S TRADEMARK CLAIMS ARE DEFICIENT

Plaintiff's trademark allegations are even more deficient than Plaintiff's copyright infringement claims. Plaintiff failed to allege a crucial element of each of the trademark claims that it has brought against SalsaIndy, namely, that SalsaIndy used Plaintiff's marks in commerce.

Lanham Act claims require that the accused use be "in connection with the sale, offering for sale, distribution or advertising of any goods or services" in a context that is likely to cause

confusion, deception or mistake, or in other words, a use in commerce. Lanham Act § 32(1), 15 U.S.C. § 1114(1). In addition, claims of trademark infringement and unfair competition under Illinois law are established in the same manner as claims that are brought under the Lanham Act. *World Impressions, Inc. v. McDonald's Corp.*, 235 F. Supp. 2d 831, 841 (N.D. Ill. 2002).

Plaintiff has utterly failed to allege, nor could it allege, that SalsaIndy has used Plaintiff's marks in connection with the sale, promotion or advertising of SalaIndy's services or any other goods or services, or that SalsaIndy's "use" is likely to confuse the public. Plaintiff has alleged only that SalsaIndy allows users to search for particular "tags" on videos, and that users are thus able to enter Plaintiff's trademarks as tags to try to find Plaintiff's videos. Compl. at ¶¶ 73-76. Therefore, any use by SalsaIndy of Plaintiff's marks was not a use "in commerce." Rather, SalsaIndy's automated indexing of user-generated tags – as it does for all videos – is, if anything, a means of identifying the true source of Plaintiff's videos.

Plaintiff's conclusory allegation that "[o]n information and belief, many users unfamiliar with myVidster believe that myVidster is an authorized distributor of Flava's videos," Compl. at ¶ 79, is entirely without factual support and fails to provide adequate notice of the basis for Plaintiff's trademark claims. Plaintiff has not alleged that SalsaIndy uses Plaintiff's trademarks in holding itself out as being the source of Plaintiff's videos or being affiliated with Plaintiff in any way. SalsaIndy's indexing of user-generated tags that may pair Plaintiff's trademarks with Plaintiff's videos is in no way likely to confuse the public, and is therefore not actionable under federal or state Trademark law. The Court should again dismiss all of Plaintiff's trademark claims, as it properly did in 2011.

## V. PLAINTIFF'S BREACH OF CONTRACT CLAIM IS DEFICIENT

Finally, Plaintiff's claim for breach of contract fails because (i) some of the purported "breaches" do not violate the very terms of the settlement agreement cited by Plaintiff, and (ii) Plaintiff fails to allege any facts supporting any possible damage theory. To state a claim for breach of contract, Plaintiff must allege sufficient facts to show (1) the existence of a valid and enforceable contract; (2) substantial performance by the plaintiff; (3) breach of the contract by the defendant; and (4) a resultant injury to the plaintiff. *Avila v. CitiMortgage, Inc*., 801 F.3d 777, 786 (7th Cir. 2015) (citing *W.W. Vincent & Co. v. First Colony Life Ins. Co*., 351 Ill. App. 3d 752, 814 N.E.2d 960, 967, 286 Ill. Dec. 734 (Ill. App. Ct. 2004)).

As an initial matter, some of Plaintiff's claims are invalid under the terms of the settlement agreement Plaintiff itself cites.[1] For example, Plaintiff alleges that SalsaIndy breached the settlement agreement by changing the layout of the myVidster main page such that the size of advertisements was reduced (which applied not only to Plaintiff, but to all advertisers on myVidster). Compl. at ¶¶ 69 and 173. However, the provision of the settlement agreement cited by Plaintiff requires only that SalsaIndy "include for a term of three (3) years …a Flava Works banner on the adult home page of the myVidster.com website in the top right corner of the page under the 'Create your own Video Collection' heading." Compl. at ¶ 62. The provision does not require that the banner be any minimum size. *Id*. Likewise, Plaintiff alleges that SalsaIndy breaches the same provision by allowing subscribers with paid "Pro" access to use the myVidster service without seeing any ads, including Plaintiff's. *Id*. at ¶¶ 70 and 174. However, the cited provision of the settlement agreement does not provide that Plaintiff's ads must be served to *every* myVidster user. *Id*. at ¶ 62. These allegations are plainly deficient on their face.

---

[1] By directly quoting the entirety of eight paragraphs of the settlement agreement in the Complaint, Plaintiff is in violation of the agreement's confidentiality provision, ironically the first paragraph of the agreement that Plaintiff does *not* include in the Complaint.

13

Moreover, Plaintiff has not alleged and cannot allege any facts to show that it actually suffered damages as a result of SalsaIndy's alleged breaches, one of the essential elements of a claim for breach of contract. "[W]here actual injury or damages are an element of a claim … a plaintiff must state sufficient facts alleging that she has suffered an injury or damages." *Thraser-Lyon v. Illinois Farmers Ins. Co.*, 861 F. Supp. 2d 898 (N.D. Ill. 2012) (dismissing claim because "[n]owhere in [plaintiff's] complaint … does she detail the precise injury she suffered or how she was damaged or injured. … Plaintiff has only alleged injury or damages in a most conclusory manner as her complaint lacks any facts about how precisely she was damaged"); *see also Juno Online Servs., LP v. Juno Lighting, Inc.,* 979 F. Supp. 684, 690 (N.D. Ill. 1997) (dismissing affirmative claim for trademark misuse because, *inter alia*, "[c]onclusory allegations of damage are not enough to support a damage claim").

Here, Plaintiff alleges only that "Plaintiff has suffered a loss of revenue, the nature and extent of which is presently not ascertainable, as well as damage to Flava's reputation and goodwill." Compl. at ¶ 176. This single conclusory allegation, devoid of any factual support, is plainly insufficient to state a claim. Accordingly, the Court should dismiss Plaintiff's deficient claim for breach of contract.

## VI. CONCLUSION

Plaintiff has failed to allege sufficient facts to put SalsaIndy on notice of the basis for each of the claims in its Complaint. Instead, Plaintiff relies on exactly the sort of unsupported, generalized and conclusory allegations that the *Iqbal/Twombly* standard rejects. The Court should therefore dismiss Plaintiff's Complaint in its entirety.

        Respectfully submitted,

Date:  April 21, 2017        /s/Gregory J. Leighton
        One of the Attorneys for Defendants,
        Marques Rondale Gunter and SalsaIndy, LLC

Gregory J. Leighton
Kevin C. May
Andrew S. Fraker
Neal, Gerber & Eisenberg LLP
2 North LaSalle Street, Suite 1700
Chicago, Illinois  60602
312.269.8000

**CERTIFICATE OF SERVICE**

I, Gregory J. Leighton, an attorney, state that I caused a copy of the foregoing Memorandum In Support of Defendants' Motion to Dismiss Plaintiff's Complaint, to be served upon the following counsel of record via the Court's ECF system on April 21, 2017:

>Adam S. Tracy
>Nathan Larsen
>The Tracy Firm, Ltd.
>2100 Manchester Road, Suite 615
>Wheaton, IL 60187

>/s/Gregory Leighton
>Gregory J. Leighton

26145638.4