**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Flava Works, Inc., | ) |
|         Plaintiff, | ) |
| v. | ) |
| | ) Case No. 1:17-cv-01171 |
| Marques Rondale Gunter | ) |
| d/b/a myVidster.com, SalsaIndy, LLC, d/b/a | ) |
| myVidster.com, | ) |
|         Defendants. | ) |

**REPLY IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

In response to Defendants' Motion to Dismiss, Plaintiff takes the position that its claims differ from those previously litigated between the parties because SalsaIndy has "retooled its [myVidster] website and created a new cloud-based interface and system." *See* Pl's Resp. to Mot. to Dismiss, Dkt. No. 19 at 1. In relying on this argument as the basis for opposing the Motion to Dismiss, Plaintiff appears to misunderstand SalsaIndy's position. SalsaIndy's Motion is not based on an assertion that the facts with respect to SalsaIndy's technology are identical to those previously litigated. SalsaIndy did not move to dismiss Plaintiff's claims on the basis that they are barred by *res judicata* or are otherwise precluded. Indeed, SalsaIndy expressly acknowledged that the features of its service have evolved since the prior proceedings. *See See* Mem. in Supp. of Mot. to Dismiss, Dkt. No. 15 ("Original Brief") at 1. Rather, SalsaIndy's position is that despite the changes in the technology at issue, Plaintiff knows or should know that the majority of its current claims raise the same legal issues and theories as those properly dismissed by the Court in 2011 and settled by the parties in 2015. Given the history between the parties, there is no justification for Plaintiff to return with the same scattershot pleading strategy that has already been rejected. As before, the underlying facts do not and cannot support

Plaintiff's various legal theories. Simply put, it would be a waste of SalsaIndy's and the Court's time and resources to re-litigate these claims, only to arrive at the same conclusion that they reflect inapposite legal theories. For the reasons set forth below and in SalsaIndy's Opening Brief, Plaintiff's claims should therefore be dismissed.

**I.     Plaintiff's Response Does Not Cure Its Failure
        to Allege Infringement of Specific Works**

Plaintiff claims that it "incorporated by reference" the DMCA notices it allegedly sent to SalsaIndy. Resp. at 3. However, Plaintiff merely refers in the Complaint to an indefinite number of DMCA notices sent over an undetermined period of time. Compl. at ¶ 57 ("Over the years, Flava's notices to myVidster have identified thousands of infringing links."). Plaintiff did not attach any such notices to its Complaint, much less "incorporating" the notices or, as required, adequately alleging infringement of specific works. *See, e.g., Lambertini v. Fain*, 2014 U.S. Dist. LEXIS 131390 at *7 (E.D.N.Y. Sept. 17, 2014) ("Plaintiff has the burden of identifying the specific works at issue in [the] pleading.") (emphasis added).

Plaintiff attempts to cure this deficiency by attaching to its response an exhibit purporting to comprise one month's worth of DMCA notices. Resp. at 4. As a matter of law, this is plainly improper. As a general rule, it is not appropriate to look outside the pleadings in considering a motion to dismiss. Fed. R. Civ. P. 12(d); *Rosenblum v. Travelbyus.com Ltd.*, 299 F.3d 657, 661 (7th Cir. 2002). Plaintiff relies on the narrow exception that "a party opposing a Rule 12(b)(6) motion may submit materials outside the pleadings to illustrate the facts the party expects to be able to prove." *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012). However, the *Geinosky* footnote cannot reasonably be interpreted to allow documents attached to Plaintiff's response to cure Plaintiff's lack of well-pleaded facts to begin with. Although Plaintiff contends that it offers the documents "for illustrative purposes," Resp. at 4 n.5, Plaintiff has not pled any

underlying facts to illustrate with respect to infringement of specific copyrighted works. *See, e.g., Vanwinkle v. Nichols*, 2015 U.S. Dist. LEXIS 169269 at *18 (S.D. Ind. Dec. 18, 2015) ("The Court does not read *Geinosky* as suggesting that it can consider extraneous material to find that a plaintiff has alleged a certain element of a claim, or the requisite level of specificity for a claim, when those allegations do not appear in the complaint. Rather, extraneous material can be considered only to expand on allegations otherwise present in the complaint.").

Moreover, even if Plaintiff's DMCA notices were to be considered, as a factual matter they are insufficient to substitute for proper allegations. As an initial matter, it is well established that Rule 8 requires a plaintiff to plead sufficient facts to put the defendant on notice of all plausible claims that have been brought. Fed. R. Civ. P. 8(a); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Here, Plaintiff vaguely alleges infringement of an undisclosed number of works over an indefinite time period. A purported one-month "sample" of DMCA notices cannot possibly put SalsaIndy on notice of the scope of Plaintiff's claims. This is precisely the reason that plaintiffs are required to allege the works infringed with specificity.

In addition, a DMCA notice is a self-serving document; the sender must only have a subjective belief that the subject material is infringing. The sender is under no Rule 11 duty to determine that the notice is objectively reasonable based on the facts. Accordingly, the sending of a DMCA notice is indicative only of the mere fact that such a notice was sent. It does not constitute a well-pled claim of copyright infringement, and Plaintiff's vague reference to "thousands" of such notices cannot put SalsaIndy on notice of Plaintiff's claims. Plaintiff's belated attempt to cure the fatal deficiency in its copyright claims is inadequate both legally and factually, and all of Plaintiff's copyright claims should therefore be dismissed.[1]

---

[1] Plaintiff's failure to allege specific works infringed is also fatal to its pleading of the ownership element required to allege its various theories of copyright liability. *See, e.g., Lambertini v. Fain*, 2014 U.S. Dist.

3

## II. Plaintiff Relies on Inapposite Dicta to Support Its Claim for Direct Infringement

The parties agree that SalsaIndy's service has changed since the parties' prior proceedings, and that SalsaIndy no longer offers the Video Backup service to which Plaintiff originally objected. However, in relying on "the Seventh Circuit's findings in the prior case [between the parties] regarding the Discontinued Backup Service," Resp. at 5-6, Plaintiff attempts to have it both ways. Plaintiff cites dicta in which Judge Posner opined that the Backup Service – which was discontinued at that point, was not at issue in the case and was not actually before the Court on appeal – constituted direct infringement. Judge Posner mentioned the Backup Service only in passing at the conclusion of his opinion. He did not elaborate on his reasoning, nor did he cite any supporting case law. *See Flava Works v. Gunter*, 689 F.3d 754, 762-3 (7th Cir. 2012). Such dicta cannot reasonably be construed as "controlling Seventh Circuit case law" (Resp. at 5) contradicting the substantial weight of the case law from other circuits, as set forth in SalsaIndy's Opening Brief, holding that a defendant that serves merely as a passive conduit cannot be held liable for direct infringement.

Moreover, in light of the fact that (as Plaintiff contends and SalsaIndy acknowledges) the technology now at issue is different, Judge Posner's view of a particular feature that existed many years ago is irrelevant to the present case and cannot overcome the fact that Plaintiff failed to plead any facts showing that SalsaIndy itself engages in infringing conduct. SalsaIndy's motion should therefore be granted with respect to Plaintiff's claim for direct infringement.

---

LEXIS 131390 at *7 (E.D.N.Y. Sept. 17, 2014) ("Indeed, by failing to allege which specific original works are at issue in this case, the Court also cannot determine whether Plaintiff has properly alleged ownership in the copyrights that have allegedly been infringed.").

4

### III. Plaintiff Fails to Show Allegations of Material Contribution by SalsaIndy to Support Its Contributory Infringement Claim

With respect to its claim of contributory copyright infringement, Plaintiff notes the Court's holding in *Monotype Imaging, Inc. v. Bitstream, Inc.*, 376 F. Supp. 2d 877, 883 (N.D. Ill. 2005) that the knowledge element of contributory infringement is met when a defendant receives notice of specific infringements and either fails to act or willfully blinds itself. Resp. at 7. However, allegations of knowledge and the failure to act do not satisfy the legal standard. Rather, such allegations must be considered in light of the "material contribution" prong. *See, e.g., Costar Grp., Inc. v. Loopnet, Inc.*, 164 F. Supp. 2d 688, 707 (D. Md. 2001) (failure to remove infringing material and dissuade infringers must rise to level of material contribution).

Here, as set forth in SalsaIndy's Opening Brief, Plaintiff has failed to allege any facts that would show that SalsaIndy materially contributed to infringing activity. Indeed, <u>none</u> of the alleged facts Plaintiff points to in its response to support its conclusory assertion that it has "done far more than allege 'mere passivity' on the part of [SalsaIndy]" shows a material contribution. Resp. at 7-8. Rather, Plaintiff's response underscores the fact that it has alleged only that SalsaIndy developed a system that allegedly enables users to engage in infringing activity, not that SalsaIndy has been substantially involved in any infringing activity. Plaintiff's claim should accordingly be dismissed.

### IV. Plaintiff's Allegations of Vicarious Infringement Are Merely Conclusory

Plaintiff's claim that its allegations that Defendant Marques Gunter designed and operates the myVidster website are sufficient to satisfy the "right and ability to supervise" prong of the standard for vicarious copyright infringement is directly contradicted by Judge Grady's 2011 ruling dismissing Plaintiff's previous claim for vicarious infringement, attached as Exhibit

1 to Plaintiff's response. As Judge Grady stated, "[t]o sufficiently allege the element of 'right and ability to supervise,' plaintiff will have to allege more than the mere ownership and operation of myVidster." Resp., Exh. 1 at 12. Plaintiff's additional allegations with respect to Gunter's blog and his "pride" in his "technical prowess," Resp. at 9, are irrelevant. Indeed, Plaintiff's only allegation bearing on the right and ability to supervise is its conclusory statement that SalsaIndy has the right to restrict or terminate users pursuant to its terms of services "and its other policies." Compl. at ¶ 139.

In addition, Plaintiff fails to demonstrate that its allegations with respect to SalsaIndy's purported direct financial interest in infringing activity are anything more than mere conclusory statements. Plaintiff points to its allegation that infringing material purportedly increases SalsaIndy's website traffic and drives subscription and advertising revenue. Resp. at 9. However, as noted in *Ellison v. Robertson*, 357 F.3d 1072, 1079 (9th Cir. 2004), Congress did not intend for a "one-time set-up and flat periodic" fees to constitute a direct financial benefit. Moreover, as set forth in SalsaIndy's Opening Brief, Plaintiff must allege facts supporting a causal connection between the alleged infringing activity and SalsaIndy's financial benefit. Any suggestion of such a causal connection in Plaintiff's allegations is entirely conclusory. For example, in alleging that "the availability of infringing material on myVidster acts as a draw to the site and enhances the site's attractiveness and draws customers," Compl. at ¶ 137, Plaintiff merely borrows language from Judge Grady's 2011 opinion (Resp., Exh. 1 at 13) without providing any factual support for such a causal connection. Plaintiff's claim for vicarious infringement should therefore be dismissed.

**V.      Plaintiff's Claim of Induced Infringement Relies Entirely on an Irrelevant Blog Post**

Plaintiff's attempt to justify its claim of induced infringement only highlights the scattershot nature of the Complaint. Plaintiff plainly decided to plead every available legal theory of copyright infringement, requiring it to grasp at even the thinnest of factual straws in support. Plaintiff contends that its claim is properly stated because Plaintiff's Complaint refers to a single blog post from 2009 that relates to the Video Backup services, which both parties acknowledge that SalsaIndy has not offered for many years. Resp. at 10. In attempting to bolster this threadbare and irrelevant allegation in its response, Plaintiff amplifies its disingenuous and fundamental mischaracterization of the nature of a blog. As Plaintiff is well aware, blogs such as the myVidster Development Blog exist to provide an outlet for the thoughts of their creators. A post from a software developer that solicits volunteers to test a new functionality for bugs, in the context of a blog about software development, cannot reasonably be described as "advertising" in the traditional sense.

Moreover, admitting that the post has nothing to do with the services SalsaIndy currently offers, Plaintiff contends that SalsaIndy should have removed the post years ago. *Id*. at 11. This is absurd on its face. As blogs are updated chronologically, old posts are not removed. Rather, they get pushed further and further from the front page of the blog and so become "buried" below the newer content, and thus less readily accessible. Indeed, a visitor to SalsaIndy's blog would have to click through **seven** pages of posts to view the 2009 post cited by Plaintiff. "How," Plaintiff wonders, "would a consumer know this advertising relates to the old Video Backup system and not the new cloud-based system?" *Id*. The answer is simple: If software users in 2017 want to learn about the current features of the software, they do not click through multiple pages of a blog until they arrive at a post from 2009. In light of the fact that Plaintiff's

7

claim of induced infringement rests entirely on this single post, which Plaintiff admits does not even relate to the functionality at issue, Plaintiff's claim should be dismissed.

## VI. Plaintiff Fails to Support Its Contract and Trademark Claims

Plaintiff's claims for breach of contract and trademark infringement further illustrate the overreach of the Complaint, as Plaintiff offers nothing but additional conclusory statements in support. Plaintiff's reliance on the covenant of good faith and fair dealing with respect to its allegations of breach of the settlement agreement is misplaced. The terms of the settlement agreement, as alleged by Plaintiff, do not explicitly require SalsaIndy to run Plaintiff's advertisements at any particular size or to serve them to every user of the myVidster website. Plaintiff attempts to insert these additional requirements under the guise of "good faith and fair dealing." However, this is improper. As the Supreme Court of Illinois noted in *Martindell v. Lake Shore Nat'l Bank,* 15 Ill. 2d 272, 154 N.E.2d 683 (1958), one of the cases relied upon by Plaintiff, "where an instrument is susceptible of two conflicting constructions, one which imputes bad faith to one of the parties and the other does not, the latter construction should be adopted." SalsaIndy's construction not only does not impute bad faith, but it is also consistent with the actual terms of the agreement.

Moreover, even if the terms allegedly breached were construed as requiring that SalsaIndy exercise its discretion as limited by the covenant of good faith and fair dealing – as urged by Plaintiff (Resp. at 12) – Plaintiff has not alleged any facts that would show SalsaIndy's exercise of discretion to be unreasonable. *See, e.g., Dayan v. McDonald's Corp.*, 125 Ill.App.3d 972, 466 N.E.2d 958, 971-72 (App. 1st Dist. 1984) (Holding that the covenant of good faith and fair dealing requires that a party with discretion "must exercise that discretion reasonably and with proper motive, and may not do so arbitrarily, capriciously, or in a manner inconsistent with

the reasonable expectations of the parties."). Plaintiff's allegations merely indicate that SalsaIndy reasonable business decisions to change the size of all advertising on the myVidster site and to offer an additional advertising-free product to paid subscribers. If Plaintiff expected SalsaIndy never to make such changes, Plaintiff should have negotiated such terms in the settlement agreement. Plaintiff further contends that it has properly alleged damages as a result of SalsaIndy's purported breach. However, the additional allegations Plaintiff identifies (Resp. at 14) are merely conclusory and offer no factual support whatsoever for Plaintiff's claim of damages.[2] Plaintiff's allegations of breach of contract are therefore plainly insufficient, and its claim should be dismissed.

Finally, Plaintiff appears to have virtually abandoned its trademark claims. As discussed in SalsaIndy's Opening Brief, none of Plaintiff's allegations can reasonably be construed to allege the required element of use in commerce. Perhaps admitting that, as in the prior proceedings, this is clearly not a trademark case, Plaintiff's response merely restates the same allegations found in the complaint. Because the allegations are still insufficient, Plaintiff's trademark claims should be dismissed.

## VII. Conclusion

Plaintiff's response to SalsaIndy's motion does not and cannot cure the many deficiencies in its pleading. For the reasons above, and those set forth in SalsaIndy's Opening Brief, SalsaIndy's motion should be granted and Plaintiff's Complaint should be dismissed in its entirety.

---

[2] Plaintiff mistakenly asserts that SalsaIndy relies on a case with a heightened pleading standard for damages. *See* Resp. at 14-15. In *Thrasher-Lyon v. Illinois Farmers Co.*, 861 F. Suppp. 2d 898 (N.D. Ill. 2012), Judge Castillo considered claims under two statutes, only one of which involved a heightened pleading standard, and found the plaintiff's allegations inadequate for both claims. *See id.* at 906.

Respectfully submitted,

Date: June 1, 2017  /s/Gregory J. Leighton
One of the Attorneys for Defendants,
Marques Rondale Gunter and SalsaIndy, LLC

Gregory J. Leighton
Andrew S. Fraker
Neal, Gerber & Eisenberg LLP
2 North LaSalle Street, Suite 1700
Chicago, Illinois 60602
312.269.8000

## **CERTIFICATE OF SERVICE**

I, Gregory J. Leighton, an attorney, state that I caused a copy of the foregoing Reply In Support of Defendants' Motion to Dismiss Plaintiff's Complaint, to be served upon the following counsel of record via the Court's ECF system on June 1, 2017:

        Adam S. Tracy
        Nathan Larsen
        The Tracy Firm, Ltd.
        2100 Manchester Road, Suite 615
        Wheaton, IL 60187

         /s/Gregory Leighton
        Gregory J. Leighton

025017.6001:26331782.2