IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Flava Works, Inc., | ) | |
| | ) | |
| Plaintiff, | ) | 1:17-cv-01171 |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| Marques Rondale Gunter d/b/a | ) | |
| myVidster.com, SalsaIndy, LLC, d/b/a | ) | |
| myVidster.com, | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER TO COMPLAINT

Defendants Marques Rondale Gunter and SalsaIndy, LLC, by and through their counsel, hereby answer Plaintiff's Complaint as follows. Defendants note that Paragraphs 13-49, 51-61, 72-164 and 178-197 of the Complaint relate to claims that have been dismissed from this action and are accordingly omitted from the Answer.

## NATURE OF THE ACTION

1. This is an action for copyright infringement pursuant to the Copyright Act, 17 U.S.C. § 101 *et seq.* and to enforce a settlement agreement.

**ANSWER:** Defendants admit that this is an action for an alleged breach of contract. Defendants deny all remaining allegations in this paragraph, including all allegations relating to claims that have been dismissed.

1

2. Plaintiff brings this action to enjoin Defendants from further direct infringement of Flava's copyrights and from contributing to, vicariously profiting from, and inducing the infringement of Plaintiff's copyrights on the worldwide internet.

**ANSWER:** With respect to allegations concerning Plaintiff's mental state, Defendants are without information or knowledge sufficient to admit or deny the allegations and therefore deny them. Defendants deny all remaining allegations in this paragraph, including all allegations relating to claims that have been dismissed.

3. Plaintiff also brings this action to enjoin Defendants from infringing its trademarks pursuant to 15 U.S.C. § 1114(1) and 15 U.S.C. § 1125(a); common law unfair competition; and the Illinois Uniform Deceptive Trade Practices Act 815 ILCS §§ 501/1 *et seq*.

**ANSWER:** With respect to allegations concerning Plaintiff's mental state, Defendants are without information or knowledge sufficient to admit or deny the allegations and therefore deny them. Defendants deny all remaining allegations in this paragraph, including all allegations relating to claims that have been dismissed.

4. Plaintiff seeks damages from Defendants as compensation for the losses and injuries sustained as a result of Defendants' improper conduct.

**ANSWER:** With respect to allegations concerning Plaintiff's mental state, Defendants are without information or knowledge sufficient to admit or deny the allegations and therefore deny them. Defendants further deny any improper conduct and any loss or injury to Plaintiff.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction under 17 U.S.C. §501, 28 U.S.C. §§ 1331, 1338(a)&(b), and 1367.

**ANSWER:** Admitted.

6. This Court has personal jurisdiction over Defendants because Defendants have provided services to persons within this District, Defendants regularly transact and conduct business within this District, and Defendants otherwise have made or established contacts within this District sufficient to permit the exercise of personal jurisdiction.

**ANSWER:** Admitted.

7. Venue is proper pursuant to 28 U.S.C. § 1391(a), (b), and (c), because a substantial part of the acts or omissions giving rise to Plaintiff's claims occurred in this District, and Defendants have sufficient connection with the District of Illinois to make venue proper in this District.

**ANSWER:** Admitted.

8. Pursuant to Paragraph 14 of the settlement agreement between the parties (the "Settlement Agreement" attached hereto as Exhibit A), the parties shall bring any action regarding any dispute arising in connection with the Settlement Agreement in Federal District Court for the Northern District of Illinois to the extent it has subject matter jurisdiction. Paragraph 14 also provides that the Settlement Agreement and its performance are to be governed by and construed in accordance with the laws of the State of Illinois without recourse to any conflict of laws principles.

**ANSWER:** Defendants state that the Settlement Agreement speaks for itself.

## THE PARTIES

9. Plaintiff, Flava Works, Inc. ("Flava"), is a corporation incorporated under the laws of the State of Illinois with its principal place of business at 3526 South Prairie Avenue, Chicago, Illinois 60653.

**ANSWER:** Defendants are without information or knowledge sufficient to admit or deny the allegations in this paragraph and therefore deny them.

10. Defendant, SalsaIndy LLC d/b/a myVidster.com ("SalsaIndy"), is a limited liability corporation organized under the laws of the State of Indiana.

**ANSWER:** Admitted.

11. According to the business details provided the Indiana Secretary of State, SalsaIndy's principal office address is at 815-A Brazos Street #365, Austin, Texas 78701.

**ANSWER:** Admitted.

12. On information and belief, defendant Marques R. Gunter ("Gunter") is an individual residing in the state of Texas, and is the sole owner, operator, founder, proprietor, employee, officer, manager and member of SalsaIndy. Gunter is also SalsaIndy's registered agent.

**ANSWER:** Defendants state that defendant Marques R. Gunter is an individual residing in the state of Texas, and that he is the sole owner, operator, founder, proprietor, officer, and manager of SalsaIndy. Defendants further state that SalsaIndy has one employee other than Gunter, an office manager.

50. On March, 17, 2015, after years of litigation, Flava entered into the Settlement Agreement with Gunter, myVidster, and SalsaIndy, LLC.

**ANSWER:** Admitted.

62. As part of the settlement, Gunter, myVidster and SalsaIndy promised to do the following (among other things):

[Paragraph 1] API Tool. Within thirty (30) days of the Effective Date, Defendants will provide Webmasters (as defined herein) access to a back-end application program interface (API) tool on the myVidster.com website that allows Webmasters to see the source of infringing content and directly remove links to infringing content appearing on the website; provided that, each Webmaster must first authentic itself and request access from myVidster.com to this API. A "Webmaster" is any person or company that owns and operates a website. Defendants will ensure that when a Webmaster removes a link to infringing content appearing on the myVidster.com website, the entire post or page associated with that link will also be removed thereby preventing the public from accessing the page or post containing the infringing material on the myVidster.com website, including posts or comments relating to the infringing material on the myVidster.com website. Subject to the terms herein, Defendants will provide notification on the myVidster.com website of the availability of this API tool.

[Paragraph 2] Termination of Accounts. Within thirty (30) days of the Effective Date, Defendants will adopt a policy, wherein if Defendants are advised by Plaintiff that a myVidster user is the Original Poster (as defined herein) of a link on myVidster.com to an allegedly infringing Flava Works video, Defendants will send that user a notice. If Defendants are advised by Plaintiff on three separate occasions that a myVidster user is the Original Poster (as defined herein) of a link on myVidster.com to an allegedly infringing Flava Works video (i.e., after that user has received two notices from myVidster), that user will be considered in violation of myVidster's terms and conditions and Defendants will

4

disable his/her account, including any infringing materials posted by that user. An "Original Poster" is the user that initially linked .the content at issue to myVidster.com and who is, therefore, responsible for first introducing the link at issue to the myVidster.com ecosystem. To be clear, an Original Poster is not a user that is merely linking to a link already present on myVidster.com. To facilitate identification of Original Posters, feature to the myVidster.com website that displays the username of the Original Poster beneath the name of each video on myVidster.com (e.g., a caption in the form of "Originally collected by [USER NAME]").

[Paragraph 3] <u>Assurances</u>. Defendants will provide reasonable assurances that the API takedown tool provided pursuant to Paragraph 1 above is functional and will continue to be functional while the myVidster.com website is operational. If at any point the API tool should become non-functional while the myVidster.com website is operational. Defendants shall be required to return the tool to full functioning capacity within 72 hours of Defendants receiving notice that the API tool is not functional; provided that, if it is physically impossible to return the API tool to full functioning capacity within 72 hours by virtue of circumstances beyond Defendants' control, Defendants shall not be in breach of this provision by failing to do so within 72 hours, but Defendants will restore the API tool to full capacity as soon as physically possible.

[Paragraph 4] <u>Do Not Post List</u>. Within thirty (30) days of the Effective Date, Defendants will install a "Do Not Post" list on myVidster.com that directs myVidster users not to post links to certain production companies or studios, including Flava Works.

[Paragraph 5] <u>Disclosure of User Information</u>. Upon termination of a myVidster user's account pursuant to Paragraph 2 above, Defendants will disclose to Flava Works certain personal data relating to that user where such data is in Defendants' possession. This personal data may include, • and is limited to, the user's: first and last name, login history (which includes date, time, and IP address at time of login), email address, internet protocol (IP) address, physical and billing address, and last four digits of his/her credit card. By agreeing to this provision, Defendants are in no way representing that they actually possess any of this information for any of their users.

[Paragraph 6] <u>Flava Works Advertisements</u>. Defendants will include for a term of three (3) years commencing within thirty (30) days of the Effective Date a Flava Works banner on the adult home page of the myVidster.com website in the top right corner of the page under the "Create your own Video Collection" heading. This Flava Works banner shall be designed by Plaintiff, and submitted through I-frame banner code such that Plaintiff shall maintain control of the Flava Works banner and may update it as often as Plaintiff desires; provided that, Defendants retain a right of reasonable refusal for banner advertisements that are disparaging or defamatory, violate Defendants'

Terms of Service, violate any law, or are otherwise detrimental to Defendants' website.

[Paragraph 7] <u>Flava Works Banners</u>. Defendants will, within thirty (30) days of the Effective Date, use the keywords listed in Schedule A to identify Flava Works videos by searching only the title and description of videos on the myVidster.com website, and will include a banner advertisement designed by Plaintiff beneath each such identified video. This banner advertisement is subject to Defendants' approval, which shall not be withheld except for banner advertisements that are disparaging or defamatory, violate Defendants' Terms of Service, violate any law, or are otherwise detrimental to Defendants' website. Plaintiff may supplement this list of keywords a total of four (4) times per year, provided that Defendants retain a right of reasonable refusal in deciding whether to adopt such additional, supplemental keywords in the event a proposed keyword is overly-broad or likely to create a large number of false positive hits. In the event that Defendants invoke their reasonable right of refusal based on their belief that a particular keyword is not proprietary to or uniquely associated with Plaintiff, Plaintiff may provide proof of ownership thereof. If Plaintiff provides suitable proof of ownership of a particular keyword, Defendants shall withdraw their refusal. In the event that Plaintiff cannot establish proof of ownership of a particular keyword, Defendants will have no obligation to use that term in identifying Flava Works videos and need not include a banner advertisement beneath videos relating to that keyword. Plaintiff hereby represents and warrants that all model and actor names included in Schedule A as keywords are proprietary to Plaintiff or otherwise refer to models and/or actors who work exclusively for Plaintiff.

[Paragraph 8] <u>Flava Works Collections</u>. Defendants will allow Plaintiff to set up collections for each of its websites on myVidster.com and Defendants will feature a Flava Works collection on the main home page of the myVidster.com website for a period of five (5) years commencing within thirty (30) days of the Effective Date.

**ANSWER:** Defendants state that the Settlement Agreement speaks for itself.

63. The effective date of the Settlement was March 17, 2015 (the "Effective Date").

**ANSWER:** Defendants state that the Settlement Agreement speaks for itself.

64. MyVidster breached and continues to breach Paragraph 1 of the Settlement Agreement by failing to provide an API Tool that allows Flava to directly remove links to infringing content on myVidster. Links flagged for removal by Flava using the API Tool are not removed by myVidster until the following day.

**ANSWER:** Denied.

65. On information and belief, myVidster breached and continues to breach Paragraph 2 of the Settlement Agreement each time Flava sends three or more DMCA Takedown Notices to myVidster regarding various and particular "Original Posters" (as that term is defined in the Settlement Agreement[2]) of links to infringing Flava videos, yet myVidster fails to disable their accounts and/or the infringing materials posted by those users.

**ANSWER:**     Denied.

66. MyVidster breached and continues to breach Paragraph 2 of the Settlement Agreement by its treatment of certain Original Posters it identifies as "Unknown." Although myVidster claims that an Original Poster is "Unknown" if that user's account has been disabled pursuant to Flava's DMCA Takedown notices, certain videos posted by unknown Original Posters that infringe Flava's copyrights have not been removed from myVidster.com.

**ANSWER:**     Denied.

67. MyVidster breached Paragraph 4 of the Settlement Agreement when it waited until approximately three months after the Effective Date of the Settlement Agreement to add Flava to its "Do Not Post" list.

**ANSWER:**     Denied.

68. MyVidster breached Paragraph 6 of the Settlement Agreement when MyVidster waited approximately one year after the Effective Date of the Settlement to add a Flava banner to myVidster's adult home page.

**ANSWER:**     Denied.

---

[2] An "Original Poster" is the user that initially linked the content at issue to myVidster and who is, therefore, responsible for first introducing the link at issue to the myVidster ecosystem. An Original Poster is not a user that is merely linking to a link already present at myVidster.com. (*See* Settlement Agreement, Exhibit A at ¶2.)

69. MyVidster breached (and continues to breach) Paragraph 6 of the Settlement Agreement and the implied covenant of good faith and fair dealing when it reduced the size of the ad space on its mainpage after the parties executed the Settlement Agreement (and refused to change it upon demand). Until the Settlement was signed, myVidster maintained an ad image size of 300x250 pixels on it mainpage. On information and belief, myVidster reduced the ad size of the adult home page banners to 300x60 pixels after the Settlement was signed in an act of bad faith.

**ANSWER:** Denied.

70. Defendants breached and continue to breach Paragraph 6 of the Settlement Agreement by making Flava's ads not visible to pro users.

**ANSWER:** Denied.

71. MyVidster breached and continues to breach Paragraph 7 of the Settlement Agreement each time titles and descriptions for particular videos on myVidster.com contain Flava's keywords, yet the Flava banner does not appear beneath each such identified video.

**ANSWER:** Denied.

## COUNT V
## BREACH OF CONTRACT
### (as to all Defendants)

165. Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs in this Complaint, and incorporates them herein by reference.

**ANSWER:** Defendants repeat their answers to each and every allegation contained in the preceding paragraphs and incorporate them herein by reference. Defendants note that Paragraphs 13-49, 51-61, 72-164 and 178-197 of the Complaint relate to claims that have been dismissed from this action and are accordingly omitted from the Answer.

166. The Settlement Agreement is a valid and enforceable contract entered into for valuable consideration.

**ANSWER:** Defendants state that the Settlement Agreement speaks for itself.

8

167. In Illinois, every contract is subject to an implied covenant known as a covenant of good faith and fair dealing.

**ANSWER:** Admitted.

168. MyVidster breached and continues to breach Paragraph 1 of the Settlement by failing to provide an API Tool that allows Flava to directly remove links to infringing content on myVidster. Links flagged for removal by Flava using the API Tool are not removed by myVidster until the following day.

**ANSWER:** Denied.

169. On information and belief, myVidster breached and continues to breach Paragraph 2 of the Settlement Agreement each time Flava sends three or more DMCA Takedown Notices to myVidster regarding various and particular "Original Posters" (as that term is defined in the Settlement Agreement[3]) of links to infringing Flava videos, yet myVidster fails to disable their accounts and/or the infringing materials posted by those users.

**ANSWER:** Denied.

170. MyVidster breached and continues to breach Paragraph 2 of the Settlement Agreement by its treatment of certain Original Posters it identifies as "Unknown." Although myVidster claims that an Original Poster is "Unknown" if that user's account has been disabled pursuant to F lava's DMCA Takedown notices, certain videos posted by unknown Original Posters that infringe Flava's copyrights have not been removed from myVidster.com.

**ANSWER:** Denied.

171. MyVidster breached Paragraph 4 of the Settlement Agreement when it waited until approximately three months after the Effective Date of the Settlement Agreement to add Flava to its "Do Not Post" list.

**ANSWER:** Denied.

---

[3] An "Original Poster" is the user that initially linked the content at issue to myVidster and who is, therefore, responsible for first introducing the link at issue to the myVidster ecosystem. An Original Poster is not a user that is merely linking to a link already present at myVidster.com. (*See* Settlement Agreement, Exhibit A at ¶2.)

172. MyVidster breached Paragraph 6 of the Settlement Agreement when MyVidster waited approximately one year after the Effective Date of the Settlement to add a Flava banner to myVidster's adult home page.

**ANSWER:** Denied.

173. MyVidster breached (and continues to breach) Paragraph 6 of the Settlement Agreement and the implied covenant of good faith and fair dealing when it reduced the size of the ad space on its mainpage after the parties executed the Settlement Agreement (and refused to change it upon demand). Until the Settlement was signed, myVidster maintained an ad image size of 300x250 pixels on it mainpage. On information and belief, myVidster reduced the ad size of the adult home page banners to 300x60 pixels after the Settlement was signed in an act of bad faith.

**ANSWER:** Denied.

174. Defendants breached and continue to breach Paragraph 6 of the Settlement Agreement by making Flava's ads not visible to pro users.

**ANSWER:** Denied.

175. MyVidster breached and continues to breach Paragraph 7 of the Settlement Agreement each time titles and descriptions for particular videos on myVidster.com contain Flava's keywords, yet the Flava banner does not appear beneath each such identified video.

**ANSWER:** Denied.

176. As a direct and proximate result of myVidster's breaches, Plaintiff has suffered a loss of revenue, the nature and extent of which is not presently ascertainable, as well as damage to Flava's reputation and goodwill.

**ANSWER:** Denied.

177. As a result of the injury suffered by Plaintiffs business from Defendants' breaches, Plaintiff is entitled to recover actual and/or statutory damages, which shall be determined at trial, and costs of this action, including reasonable attorney's fees, as well as preliminary and permanent injunctive relief to prevent future infringement.

**ANSWER:** Denied.

Dated: March 20, 2018

                                          Respectfully submitted,

                                          /*Gregory. J Leighton*/
                                         One of the Attorneys for Defendants

Gregory J. Leighton
Andrew S. Fraker
Neal, Gerber & Eisenberg LLP
Two North LaSalle Street
Suite 1700
Chicago, IL  60602

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **DEFENDANTS' ANSWER TO COMPLAINT** was served upon:

Adam S. Tracy
The Tracy Firm Ltd.
141 W. Jackson Blvd.
Chicago, IL 60640

via the Court's ECF system on March 20, 2018.

By: /s/Gregory J. Leighton
One of the Attorneys for Defendants

025017.6001:27599962.1