IN THE UNITED STATES DISTRICT COURT
FOR NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FLAVA WORKS, INC., | ) | |
| | ) | Case No. 2017 cv 1171 |
| Plaintiff, | ) | |
| | ) | |
| -v- | ) | Hon. Ronald Gettleman |
| | ) | |
| SALSAINDY, LLC, & | ) | |
| MARQUES GUNTER, | ) | |
| | ) | |
| Defendants. | ) | |

## INITIAL JOINT STATUS REPORT

The parties, through counsel, having met and conferred, file the following Initial Joint Status Report

 A. **The date of time this matter is set for a status report before the Court:** This matter is set for a status report before this Court on May 2, 2018. Plaintiff was initially granted until March 6, 2018 to file its Amended Complaint, but elected not to file an Amended Complaint at that time. Plaintiff now intends to seek leave to file such Amended Complaint by filing the appropriate motion with this Court within seven (7) days hereof. Accordingly, after consultation with Defendant's counsel, the parties request that the May 2nd hearing date be continued for a period no less than thirty (30) days hereof to provide for hearing on Plaintiff's anticipated motion.

 B. **The attorneys of record for each party, including which attorney is expected to try the case.** Plaintiff is represented by Adam S. Tracy, who intends to try this case at trial. Defendants are represented by Gregory J. Leighton and Andrew S. Fraker of Neal, Gerber & Eisenberg LLP, who intend to try the case.

 C. **The basis of federal jurisdiction:** Federal jurisdiction is provided for pursuant to 17 U.S.C. §501, 28 U.S.C. §§ 1331, 1338(a)&(b), and 1367.

D.     **The nature of the claims asserted in the complaint and any counterclaim, including a brief statement of the factual context of the case, along with a description of any affirmative defenses:** Plaintiff has filed an eight (8) count complaint, including causes of action for (Count I) Direct Copyright Infringement, (Count II) Contributory Copyright Infringement, (Count III), Vicarious Copyright Infringement, (Count IV) Inducement of Copyright Infringement, (Count V) Breach of Contract, (Count VI) Trademark Infringement, (Count VII) Unfair Competition and (Count VIII) Illinois Uniform Deceptive Trade Practices Act. Defendant's Motion to Dismiss was granted as to Counts I, II, III, IV, VI, VII and VIII leaving the Breach of Contract cause of action.

Plaintiff is a producer of adult content. Plaintiff has applied for and been granted numerous copyrights protecting is proprietary content. Plaintiff offers its content for sale online through websites containing "pay walls" in which consumers must pay a fee for accessing its content.

Defendant Salsaindy, LLC operates the internet website www.myvidster.com. Defendant Gunter is believed to be the sole owner and member of Salsaindy.

The Complaint alleges that the continued operation of the website constituted various forms of copyright and trademark infringement on the part of Defendants – those claims were later dismissed. Those claims arose from allegations that Plaintiff's copyrighted works were being saved, shared and downloaded through the website – Defendants are alleged to have ignored numerous Digital Millennium Copyright Act "takedown" notices. The remaining breach of contract count arises out of prior litigation between the parties.

On October 12, 2010, Plaintiff filed suit against Defendants alleging various causes of action for copyright infringement. On March 17, 2015, the parties entered into a Settlement Agreement which brought about the dismissal of the prior litigation. The Settlement Agreement,

2

in relevant part, provided that: (1) Defendants would provide Plaintiff with an API tool to remove direct links to infringing content; (2) Defendants would disable particular users who were repeatedly posting infringing content on the website; (3) Defendants would immediately post Plaintiff's advertisement on the website; and (4) Defendants would maintain Plaintiff's advertisements of a certain size on the website and allow for its showing upon searches for particular keywords. In the Complaint, Plaintiff alleges that Defendants have breached the foregoing obligations which form the basis of its remaining cause of action for breach of contract.

Defendants have filed an Answer to the breach of contract claim and have not asserted any affirmative defenses at this time.

E. **The relief sought by each party, including computation of damages, if available.** Plaintiff seeks recovery of actual damages, attorneys' fees and costs as a direct and proximate result of Defendants' alleged breach of contract. Plaintiff seeks recovery of punitive damages for Defendants alleged willful misconduct in breaching the Settlement Agreement. Plaintiff's computation of damages is currently unavailable.

F. **The principal legal issues.** The remaining cause of action alleges Defendant's breach of contract with respect to the Settlement Agreement. In Illinois, in order to properly plead a breach of contract claim under Illinois law, Plaintiff must allege (1) the existence of a valid contract, (2) that Plaintiff performed all of its contractual conditions, (3) that Defendants breached the contract, and (4) the existence of damages resulting from that breach. OnTap Premium Quality Waters, Inc. v. Bank of N. Ill., 634 N.E.2d 425, 429 (Ill. App. Ct. 1994).

G. **The principal factual issues, including the parties' respective positions on those issues.** Plaintiff alleges that Defendants are in material breach of the Settlement Agreement. Plaintiff's cause of action is predicated upon the following allegations: (1) Defendants have never

3

provided Plaintiff with access to the API tool allowing it to remove direct links to infringing content; (2) Defendants have failed to permanently disable particular users who were repeatedly posting infringing content on the website (i.e., those users who were the subject of three (3) DMCA takedown requests); (3) Defendants failed to post Plaintiff's banner advertisement on its website for over one year; (4) Defendants have failed to post Plaintiff's banner advertisements at the agreed upon size; and (5) Defendants have failed to show Plaintiff's advertisements in response to particular keyword searches on the website.

Defendants contend that the actions alleged by Plaintiff do not violate the Settlement Agreement. For example, Plaintiff alleges that Defendants breached the settlement agreement by changing the layout of the myVidster main page such that the size of advertisements was reduced (which applied not only to Plaintiff, but to all advertisers on myVidster). However, the provision of the settlement agreement cited by Plaintiff requires only that Defendants "include for a term of three (3) years …a Flava Works banner on the adult home page of the myVidster.com website in the top right corner of the page under the 'Create your own Video Collection' heading." The provision does not require that the banner be any minimum size. Likewise, Plaintiff alleges that SalsaIndy breaches the same provision by allowing subscribers with paid "Pro" access to use the myVidster service without seeing any ads, including Plaintiff's. However, the cited provision of the settlement agreement does not provide that Plaintiff's ads must be served to every myVidster user.

Moreover, Defendants contend that Plaintiff has not alleged and cannot allege any facts to show that it actually suffered damages as a result of Defendants' alleged breaches, one of the essential elements of a claim for breach of contract.

H.      **A brief description of all anticipated motions.** Plaintiff intends to file within seven (7) days hereof a Motion for Leave to File Amended Complaint. Defendants will oppose the motion.

I.      **A proposed discovery plan pursuant to F. R. Civ. P. 26(f)**. The Parties contend that a proposed discovery plan would be premature given the anticipated motion to be filed by Plaintiff and will supplement this Initial Joint Status Report as soon as practicable following a hearing on said motion.

J.      **The earliest date the parties would be ready for trial and the probable length of trial.** The Parties contend that disclosing a proposed trial date would be premature given the anticipated motion to be filed by Plaintiff and will supplement this Initial Joint Status Report as soon as practicable following a hearing on said motion.

K.      **The status of any settlement discussions and whether a settlement conference would be appropriate.** There have been no significant settlement discussions to date.

Dated: April 25, 2018

| FLAVA WORKS, INC.                                                                                                                                                       | SALSAINDY, LLC; MARQUES GUNTER                                                                                                             |
|---|---|
| /s/ Adam S. Tracy                                                                                                                                                       | /s/ Andrew Fracker                                                                                                                         |
| By its Attorney                                                                                                                                                         | By Their Attorney                                                                                                                          |
| Adam S. Tracy<br>(ARDC #6287552)<br>The Tracy Firm, Ltd.<br>141 W. Jackson Blvd.<br>Suite 2172<br>Chicago, IL 60604<br>312.754.9499 Tel.<br>630.689.9471 Fax<br>at@tracyfirm.com | Andrew Starwalt Fraker<br>Neal, Gerber & Eisenberg<br>2 N. Lasalle<br>Ste. 1700<br>Chicago, IL 60602<br>(312) 269-5280<br>afraker@ngelaw.com |

27833687.1