IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Flava Works, Inc., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) ) |
| Marques Rondale Gunter d/b/a myVidster.com, SalsaIndy, LLC, d/b/a myVidster.com, | ) ) ) ) Case No. 1:17-cv-01171 ) ) |
| Defendants. | ) |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Marques Rondale Gunter and SalsaIndy, LLC both d/b/a myVidster ("myVidster") through counsel, Neal, Gerber & Eisenberg, submit the following Reply in support of their Motion for Summary Judgment.

**INTRODUCTION**

Plaintiff's Opposition brief confirms that Defendants are entitled to summary judgment. Plaintiff's "argument" merely restates the bare allegations of its Complaint. This is not surprising, as Plaintiff has taken no action in these proceedings to develop or support its case beyond its initial allegations. Indeed, Plaintiff can point to only two types of purported evidence: (i) an affidavit by its principal that again merely restates the allegations of its Complaint, without any additional support; and (ii) DMCA notices allegedly sent to myVidster, which list usernames and links to allegedly infringing videos, but provide no other context or facts. Such a paltry showing – especially in light of Plaintiff's failure to participate in its own case – cannot provide a sufficient basis for a reasonable jury to find that Defendants breached the parties' Agreement in any of the ways Plaintiff alleges. Moreover, Plaintiff admits that it has submitted no evidence whatsoever

with respect to its purported damages. If that is all Plaintiff can offer after dragging these proceedings out for two years, it is time to put an end to Plaintiff's charade.

## ARGUMENT

I. **Plaintiff Hast Failed to Offer Sufficient Evidence to Survive Summary Judgment.**

To defeat summary judgment, a plaintiff must come forward with specific facts demonstrating that there is a genuine issue for trial, and must show that there is evidence upon which a jury could reasonably find in its favor. *Chelios v. Heavener*, 520 F.3d 678, 685 (7th Cir. 2008).

Plaintiff, in its Opposition, relies almost exclusively on its principal's affidavit (the "Affidavit") to support its claims for breach of contract. While the Seventh Circuit rejects the notion that a self-serving affidavit can *never* be sufficient to thwart summary judgment, it nonetheless recognizes that, if an affidavit "does not provide sufficient evidence to allow a trier of fact to find [in favor of plaintiff]" and "the insufficiency of [the affidavit] is compounded by the record," the affidavit is not sufficient to survive summary judgment. *Whitaker v. Wis. Dep't of Health Servs.*, 849 F.3d 681, 686 (7th Cir. 2017). Here, the Affidavit merely repeats – almost word-for-word – the unsupported allegations of the Complaint. The Affidavit sets forth no evidence whatsoever beyond the fact that Mr. Bleicher has made certain claims. The insufficiency of the Affidavit is underscored by the record, which – despite ample time for Plaintiff to gather and present evidence – consists only of the Affidavit itself and Plaintiff's 39 DMCA notices.

Plaintiff also points the Court generally to the more than 200 pages of DMCA notices without identifying specific evidence within the documents that purportedly supports Plaintiff's claims. That is because the documents do not provide such evidence. Nonetheless, Plaintiff apparently expects the Court to go in search of a basis on which to deny summary judgment. *See*

*Rice v. Ind. State Police*, 149 F. Supp. 2d 573, (S.D. Ind. 2001) ("It is not the court's job to scour the record to find evidence to support a party's assertion" because "Judges are not like pigs, hunting for truffles buried in briefs." (*quoting U.S. v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)).

Plaintiff's meager evidentiary showing is woefully inadequate to defeat summary judgment. There is simply no way a reasonable trier of fact could find in Plaintiff's favor based on the record in this case.

## II. Plaintiff Cannot Create A Genuine Issue of Fact on the Essential Elements of Breach and Damages.

Specifically, Plaintiff falls far short of establishing a genuine issue of material fact with respect to both breach of contract and damages. *See Avila v. CitiMortgage, Inc., 801 F.3d 777, 786 (7th Cir. 2015)* (to survive summary judgment, a plaintiff must point to evidence that shows breach by defendant and resultant injury to the plaintiff). Defendants will briefly address the failure of each of Plaintiff's claims below.

### A. Plaintiff Points to No Evidence Showing Breach of Paragraph One.

It is undisputed that Paragraph 1 of the Settlement Agreement provides, in relevant part, that myVidster would provide Plaintiffs with a tool to "directly remove links to infringing content appearing on the website." SOF ¶ 2. Plaintiff argues that myVidster breached Paragraph 1 because myVidster's link removal tool "removes links over a day after identification." Pl. Opp. at p. 8. As discussed in Defendants' original brief, Plaintiff thus seeks to expand the contract provision in question to require Defendants to supply a tool that enables Plaintiff to remove links *instantaneously*, despite any contractual language that imposes this requirement.

Even if this were the contractual requirement (and it is not), the only evidence that Plaintiff identifies to support that links are not removed until a day after submission is its 39 DMCA notices generally. SOF ¶ 3. These notices, however, merely show links to its videos on the myVidster

website. Plaintiff does not point to a single link that was reported along with evidence showing that the video at issue thereafter remained on the myVidster website for any particular length of time, let alone "over a day." There is accordingly no evidence upon which a reasonable jury could find Defendants breached Paragraph 1 of the Settlement Agreement even if the agreement required instantaneous removal, which it does not.

### B. Plaintiff Points to No Evidence Showing Breach of Paragraph Two.

The parties agree that Paragraph 2 of the Settlement Agreement requires myVidster to disable an individual user's account and any infringing content posted by that user only if three criteria were met: (1) Plaintiff was required to provide the *username* of the person who posted the allegedly infringing Flava video content; (2) that user had to be the *Original Poster* of the allegedly infringing Flava content; and (3) Plaintiff was required to provide the Original Poster's username to myVidster on *three separate* occasions, or at least three times. SOF ¶ 7-8.

Plaintiff, however, has not established it can prevail on this claim for two reasons: first, there is insufficient evidence to show that Plaintiff performed under Paragraph 2, thus triggering Defendants' removal obligations; and second, Plaintiff points to no evidence showing that Defendants failed to disable an Original Poster's account and infringing links when required.

With regard to Plaintiff's performance, Plaintiff points the Court to its 39 DMCA notices and the Affidavit, which states broadly that Plaintiff sent "notices in accordance with paragraph two (2) of the Settlement Agreement." (Pl. Aff. at ¶ 6.) In other words, Plaintiff expects the Court to scour over 200 pages of DMCA notices to locate evidence that Plaintiff met the three prongs above. Even if the Court were to do so, it would be impossible to determine if Plaintiff performed based on the evidence put forth. Even assuming Plaintiff reported certain usernames three times, there is no evidence showing that these users were "Original Posters" to satisfy prong two.

4

Accordingly, no reasonable jury could find that Plaintiff performed, thus triggering Defendants' removal obligations.

Even assuming Plaintiff had performed, no reasonable juror could find that Defendants breached by failing to remove an infringing link or disable an account. Plaintiff has introduced no evidence (i.e., screenshots of the myVidster website) showing that a reported link remained on myVidster's website after being reported. Plaintiff also does not point to a single username in its DMCA notices that remained active after allegedly being reported three times. Plaintiff marshals no evidence upon which a reasonable juror could find Defendants breached Paragraph 2, even if this court accepts Plaintiff's claim that it performed, which Plaintiff similarly has not established.

### C. Plaintiff Points to No Evidence Showing Breach of Paragraph Four.

Plaintiff likewise has produced no evidence upon which a reasonable juror could find that myVidster breached Paragraph 4 of the Settlement Agreement, which required myVidster to install a "Do Not Post" list within 30 days directing users not to link to Plaintiff's videos. SOF ¶ 19. Plaintiff admits it can point to no evidence showing Plaintiff was not included in the "Do Not Post" within 30 days (SOF ¶ 21), and admits it can point to no evidence or correspondence between the parties that even suggests myVidster failed to add Plaintiff to its "Do Not Post" in time. SOF ¶ 22. In support its claim of breach, Plaintiff relies only on the naked allegations found in the Affidavit. SOF ¶ 20.

Moreover, even if Defendant had failed to include Plaintiff in its list after the Effective Date, Plaintiff's lack of any complaint to Defendant during the 60-day timeframe supports that, even the alleged breach did occur, it would not have resulted in significant enough injury to entitle Plaintiff to relief. *Swick v. City of Chicago*, 11 F.3d 85 (7th Cir. 1993) (recognizing the doctrine of *de minimis non curat lex*, which means the "courts will not regard trifles.").

**D.     Plaintiff Points to No Evidence Showing Breach of Paragraph Six.**

Paragraph 6 provides that myVidster would place Plaintiff's ad banner "on the adult homepage of the myVidster.com website in the top right corner of the page" for a period of three years, commencing within 30 days. SOF ¶ 23. Plaintiff alleges myVidster breached this provision in three ways: (i) by not adding the Flava banner to the adult home page until a year after the Settlement Agreement was signed; (ii) by reducing the size of the ad space on myVidster's main page after the Settlement Agreement was executed; and (iii) by making the Flava banner on the adult home page not visible to pro users. Compl. ¶¶ 68-70. Here again, Plaintiff's claims fail.

With regard to ad size, Plaintiff admits it has no evidence to support its case: It admits it has no evidence showing myVidster reduced the size of its ad space after the parties executed the Settlement Agreement (SOF ¶ 28); it admits it has no evidence showing the ad sizes in question (SOF ¶ 29); it admits it never reached out to myVidster concerning the ad size (SOF ¶ 30); and it admits that myVidster never refused to change its ad size. *Id*.

With regard to sections (i) and (iii) above, Plaintiff again relies only on the Affidavit and fails to offer any documentary evidence that banner was not added for a year or that it was not visible on myVidster's home page to pro users. In addition, Plaintiff admits it never objected to the alleged absence of a Flava banner on myVidster's adult home page (SOF ¶ 26); it therefore follows that even if this breach occurred, it was not material.

**E.     Plaintiff Points to No Evidence Showing Breach of Paragraph Seven.**

A reasonable juror could not find that myVidster is in breach of Paragraph 7, which the parties agree requires myVidster to display Plaintiff's banner advertisement below a video when the video's title and/or description includes a keyword supplied by Plaintiff. SOF ¶ 33. Consistent with Plaintiff's inability to point this Court to any specific evidence showing breach, Plaintiff again

offers no evidence to show its banner failed to display when one of its keywords was found in a video's title or description. *See* Pl. Opp. at p. 9. Instead, Plaintiff contends that the Settlement Agreement requires its banner to display even where a user commits an error in typing or spelling the keyword. Pl. Opp. at p. 9. In other words, myVidster is not just required to display the banner where a keyword match is detected, but also whenever any keyword *variation* (of millions possible) occurs. Such a requirement is plainly not written into the agreement, and Plaintiff advances no factual basis or theory as to why such a requirement should reasonably be read into the contract. No reasonable juror could find that Defendants are in breach of the agreement—its terms are unambiguous. *See* SOF ¶ 33.

Nevertheless, even if the agreement did require Defendants' tool to recognize variations of keywords, it is undisputed that it was Plaintiff's obligation to supply such variations by supplementing its keyword list, which included spelling variations for some keywords, but not others. *See* SOF ¶ 33. Accordingly, Defendants' tool was only to display a Flava banner when a keyword matched those provided by Plaintiff, and Plaintiff does not point to a single instance where this did not occur.

      **F.    Plaintiff Has Still Not Established Damages, an Essential Element of Its Claim.**

In addition to Plaintiff's complete failure to point to factual or documentary evidence supporting any of the various allegations underlying its breach of contract claim, Plaintiff's claim also fails as a matter of law because Plaintiff provides no evidence to support its purported damages – an essential element of its claim. *See Massey v. Johnson*, 457 F.3d 711, 716 (7th Cir. 2006) (citing *Celotex*, 477 U.S. at 322-23)).

Rather, Plaintiff merely argues that it has "properly alleged damages in its Complaint" and points to its Affidavit and interrogatory response, which states:

7

> "As a direct and proximate result of Defendants' breaches of the Settlement Agreement, Plaintiff has incurred actual damages relating to the loss of revenue cause by: (a) the continued posting of Plaintiff's protected works on the myvidster.com website; (b) the failure to display and/or properly display advertisements on the myvister.com website; and (c) the impaired reputation of Plaintiff caused by the continued dilution of its protected works"

(See Pl. Opp. at p. 9; see also Pl. Aff. at ¶ 15.)

Plaintiff's response does little more than assert its theory of damages, not its actual, calculated damages. Plaintiff also admits that it made no disclosure of damages in its initial disclosures (SOF ¶ 36); and that it submitted no documents bearing on its alleged lost revenue (SOF ¶ 38). Thus, the record contains no evidence whatsoever for a jury to find that Plaintiff has suffered any calculable damages and, as such, Plaintiff's breach of contract claim fails as a matter of both fact and law. *TAS Distributing Co., Inc. v. Cummins Engine Co., Inc.*, 491 F.3d 625, 631 (7th Cir. 2001) (merely showing breach without actual, calculable damages does not suffice to state a breach of contract claim).

## CONCLUSION

After two years and ample opportunity, Plaintiff has utterly failed to produce any credible evidence to support its claims, let alone to identify sufficient specific evidence as required to defeat summary judgment. This is not surprising, given that Plaintiff made no effort to participate in its own case. Plaintiff now attempts to survive summary judgment based on nothing more than a last-minute affidavit merely repeating the allegations of the Complaint and a general reference to a small number of documents that show nothing with respect to breach or damages. To allow Plaintiff to maintain this proceeding based on a woefully inadequate record, and in spite of Plaintiff's conduct, would be contrary to the purpose of summary judgment. Defendants' motion should therefore be granted.

Dated: February 18, 2019                    Respectfully submitted,

/s/ ___Andrew S. Fraker_____
One of the Attorneys for Defendants

Gregory J. Leighton
Andrew S. Fraker
Kara C. Smith
NEAL, GERBER & EISENBERG LLP
Two North LaSalle Street, Suite 1700
Chicago, IL 60602-3801
(312) 269-8000
gleighton@nge.com
afraker@nge.com
ksmith@nge.com

## CERTIFICATE OF SERVICE

I, Andrew S. Fraker, an attorney, state that I served a copy of the foregoing *Defendants' Memorandum of Law in Support of Motion for Summary Judgement* upon:

>Adam S. Tracy
>The Tracy Firm Ltd.
>141 W. Jackson Blvd.
>Chicago, Illinois 60604

by the ECF system on February 18, 2019.

>/s/    Andrew S. Fraker
>        Andrew S. Fraker

28930878.3