IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FLAVA WORKS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Case No.   17 C 1171 |
| | ) | |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| MARQUES RONDALE GUNTER, d/b/a | ) | |
| myVidster.com, SALSAINDY, LLC, d/b/a | ) | |
| myVidster.com, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff Flava Works, Inc. brought an eight count complaint against defendants Marques
Rondale Gunter and SalsaIndy, LLC, both doing business as myVidster.com (jointly as
"defendants") alleging:   direct copyright infringement (Count I); contributory copyright
infringement (Count II); vicarious copyright infringement (Count III); inducement of copyright
infringement (Count IV); breach of contract (Count V); trademark infringement and unfair
competition (Count VI); common law unfair competition (Count VII); and violation of the Illinois
Uniformed Deceptive Trade Practices Act (Count VIII).   On January 30, 2018, the court
dismissed all of plaintiff's claims except Count V for breach of contract.   Flava Works v. Gunter,
2018 WL 620035 (N.D. Ill. Jan. 30, 2018).[1]   Despite repeatedly telling the court that it was going
to replead to address the deficiencies identified in the court's earlier opinion, plaintiff failed to do
so, and defendants initiated discovery.   Plaintiff did nothing, except to respond to defendants'

---

[1]  The allegations of the complaint as well as the history of litigation between the parties is explained in the court's
earlier opinion and will not be repeated here.

discovery requests, but only when compelled to do so by court order. Defendants have now moved for summary judgment on the lone remaining count.

Summary judgment is appropriate when the moving papers and affidavits show that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). To prevail on summary judgment, a party can either point to undisputed facts supported by evidence in the record, or point to an absence of evidence of an element essential to the other parties' claim or affirmative defense. Id. ("[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after an adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.") In this situation there is "no genuine issue as to any material fact," because "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts nonmaterial." Id.

Plaintiff's complaint alleges that defendants have breached five separate paragraphs (1, 2, 4, 6, 7) of a March 15, 2015, settlement agreement between the parties. To survive a motion for summary judgment on a breach of contract claim plaintiff must identify evidence in the record to establish: (1) the existence of a valid and enforceable contract; (2) substantial performance by plaintiff; (3) breach of the contract by defendant; and (4) resulting injury. Avila v. CitiMortgage, Inc., 801 F.3d 777, 786 (7th Cir. 2015). Defendants argue that plaintiff has submitted no evidence upon which a reasonable jury could conclude that defendants breached the agreement or, if it was breached, that plaintiff has suffered a resulting injury. The court agrees.

2

Paragraph 1 of the Settlement Agreement provides that defendants were to provide an application program interface ("API") tool on its website that would allow plaintiff to see the source of any infringing material and directly remove it. Plaintiff alleges that defendants breached Paragraph 1 by failing to provide a tool that allowed plaintiff to "directly remove links" because the links flagged by plaintiff were not removed until the following day. As defendants point out, nothing in Paragraph 1 provides that the links would be removed instantaneously, or even within a specified time frame. Nor has plaintiff provided any evidence that any links it attempted to remove were not, in fact, removed. Consequently, plaintiff has no evidence to support its claim of a breach of Paragraph 1.

Paragraph 2 of the Settlement Agreement required defendants to adopt a policy in which, if defendants were advised by plaintiff that a myVidster.com user is an "Original Poster" of a link to an allegedly infringing video, defendants will send that user a note, and if defendants are advised by plaintiff on three separate occasions that a user is an Original Poster, then defendants would disable that user's account. Plaintiff alleges that it has sent such notices to defendants, but defendants have failed to disable the users' accounts. Once again, plaintiff has supplied no evidence that it sent such notices to defendants, or that defendants failed to so act.

Paragraph 4 of the Settlement Agreement required myVidster.com to install a "do not post" list within 30 days of the agreement directing myVidster.com users not to link to plaintiff's videos. Plaintiff claims defendants did not install the "do not post" list until three months after the Settlement Agreement. Plaintiff has produced some screenshots of defendants' website without the list or without plaintiff's name on the list, but none demonstrate when the list was created or when plaintiff's name was added.

3

Paragraph 6 of the Settlement Agreement required myVidster.com to place a "Flava Works banner on the adult home page of the myVidster.com website in the top right corner of the page under the `create your own video collection' heading."   Plaintiff alleges that defendants waited almost a year to place the banner, then reduced the size of the banner on its main page, and made the banner on the adult page not visible to its "Pro Users."   Once again, plaintiff has failed to produce any evidence to carry its burden.   It has provided no screen shots of the home page to show when the banner was or was not added, or even any correspondence showing that plaintiff complained about defendants' alleged failure.   Nor is there any evidence of the size of the banner either before or after the Settlement Agreement was signed.   Again, plaintiff has failed to produce any before or after screen shots or correspondence about the size.   The same is true for plaintiff's claim about the banner not being visible to Pro Users.

Finally, Paragraph 7 of the Settlement Agreement required defendants to use key words provided by plaintiff to search for video titles and descriptions that match those key words and display plaintiff's banner below those videos.   Plaintiff produced to defendants some screen shots showing 193 videos with banners beneath them.   Only 47 of the 193 include plaintiff's key words and of those, 41 had plaintiff's banner.   Defendants argues that the failure of 6 to have the banner is due to primarily misspellings generated by users, rather than by a breach of the agreement by defendant.   Plaintiff has provided nothing to refute this argument.

In its response brief and its response to defendants' L.R. 56.3 statement of facts not in dispute, plaintiff fails to cite to any documentary evidence to support its claims.   It relies entirely on an affidavit of its President, Philip Bleicher.   That affidavit, however, is entirely conclusory and simply repeats the allegations of the complaint, sometimes verbatim.   Fed. R. Civ. P. 56(c)(4)

4

provides that "[A]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, <u>set out facts that would be admissible in evidence</u>, and show that the affiant or declarant is competent to testify on the matters stated." (Emphasis added). "Rule 56 demands something more specific than the bald assertion of the general truth of a particular matter, rather it requires affidavits that cite specific concrete facts establishing the existence of the truth of the matters asserted." <u>Lucas v. Chicago Transit Authority</u>, 367 F.3d 714, 726 (7th Cir. 2004).

Plaintiff's affidavit fails this requirement and is insufficient to defeat summary judgment. As noted, it simply repeats the allegations of the complaint without providing any specific facts or examples. To defeat summary judgment a nonmovant must go "beyond the pleadings and set forth specific fact supporting its claim." Fed. R. Civ. P. 56(c); <u>Becker v. Tenebaum-Hill Assoc., Inc.</u>, 914 F.2d 107, 110 (7th Cir. 1990). Plaintiff has failed to provide any such evidence and the record does not contain "sufficient evidence favoring [plaintiff] for a jury to return a verdict" in its favor. <u>Id</u>. Consequently, defendants' motion for summary judgment [Doc. 51] is granted.

## CONCLUSION

For the reasons stated above, defendants' motion for summary judgment [Doc. 51] is granted.

**ENTER:** **August 15, 2019**

**Robert W. Gettleman**
**United States District Judge**

5